**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| SUSANA CARDOSO as Administrator of the Estate for DAVID GALE,<br><br>Plaintiff(s)<br><br>v.<br><br>NOVO NORDISK A/S, and NOVO NORDISK INC.,<br><br>Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: _____ |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected

1

Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF No. 503).

### IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1.     Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): _____David Gale_____.

2.     If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim:  __Susana Cardoso as Administrator of the Estate for David Gale, deceased.__  Plaintiff has been duly appointed as Administrator of the Estate for Decedent by the Union County Surrogate's Court.  A true and correct copy of the Letters of Administration is attached hereto as Exhibit A.  A true and correct copy of the Death Certificate is attached hereto as Exhibit B.

3.     If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____.

4.     If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____.

**Defendant(s)**

5.     Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

__X__ Novo Nordisk Inc.

__X__ Novo Nordisk A/S

_____ Eli Lilly and Company

_____ Lilly USA, LLC

_____ other(s) (identify): _____

## **JURISDICTION AND VENUE**

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

_____Roselle,  New  Jersey_____

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

_____New Jersey_____

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

_____New  Jersey_____

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

_____Roselle, New Jersey_____

10. Jurisdiction is based on:

_X__ diversity of citizenship pursuant to 28 U.S.C. § 1332

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

United States District Court for the District of New Jersey_____

12. Venue is proper in the District Court identified in Paragraph 11 because:

_X___ a substantial part of the events and omissions giving rise to Plaintiff(s)'

claims occurred there

_____ other (plead in sufficient detail as required by applicable rules):

_____

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

## **PRODUCT USE**

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

__X__ Ozempic (semaglutide)

_____ Wegovy (semaglutide)

_____ Rybelsus (oral semaglutide)

_____ Victoza (liraglutide)

_____ Saxenda (liraglutide)

_____ Trulicity (dulaglutide)

_____ Mounjaro (tirzepatide)

_____ Zepbound (tirzepatide)

_____ Other(s) (specify): _____

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Decedent used Ozempic from approximately June 2022 – July 2023___ _____

4

**INJURIES AND DAMAGES**

16.      To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

___X__ Gastroparesis

_____ Other gastro-intestinal injuries (specify) _____

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

_____ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify) _____

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

___X__ Additional/Other(s) (specify):  _Pulmonary Embolism_____

17.     Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

_Gastroparesis – July 2023_____

_Pulmonary Embolism – November 2024_____

_____

_____

18.    In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

_____ Injury to self

__X__ Injury to person represented

_____ Economic loss

__X__ Wrongful death

__X__ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify): _____

**CAUSES OF ACTION**

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

_____ Count I:      Failure to Warn – Negligence

_____ Count II:     Failure to Warn – Strict Liability

_X_ Count III:   Breach    of   Express   Warranty/Failure   to   Conform   to
                 Representations

_____ Count IV:   Breach of Implied Warranty

_____ Count V:    Fraudulent Concealment/Fraud by Omission

_____ Count VI:   Fraudulent/Intentional Misrepresentation

_____ Count VII:  Negligent Misrepresentation/Marketing

_____ Count VIII:  Strict Product Liability Misrepresentation/Marketing

_____ Count IX:   Innocent Misrepresentation/Marketing

_____ Count X:   Unfair Trade Practices/Consumer Protection (see below)

_____ Count XI:  Negligence

_____ Count XII:  Negligent Undertaking

_X_ Count XIII: State Product Liability Act (see below)

_X_ Count XIV: Wrongful Death

_X_ Count XV:  Loss of Consortium

_____ Count XVI: Survival Action

_____ Other(s) (specify, and on separate pages, plead additional facts supporting
          any above claim in sufficient detail as required by applicable rules):

7

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a.  Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

_____

_____

    b.  Identify the factual allegations supporting those claims (by subsection, if applicable):

_____

*Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21.  If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a.  Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

N.J. Stat. Ann §§ 2A:58C _____

_____

    b.  Identify the legal theories identified in Paragraph 19 above (e.g., negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

2A:58C-2: failure to warn – negligence, failure to warn – strict liability, breach of implied warranty, negligence, negligent undertaking fraudulent concealment,

intentional misrepresentation, negligent misrepresentation, strict product liability misrepresentation, innocent misrepresentation, wrongful death, survival action

c.  Identify the factual allegations supporting those claims:

Negligence – See, e.g., ¶¶ 866-880 of the Master Complaint (negligence) incorporated herein by reference.

Negligent undertaking – See, e.g., ¶¶ 881-903 of the Master Complaint (negligent undertaking) incorporated herein by reference.

Negligent misrepresentation – See, e.g., ¶¶ 801-824 of the Master Complaint (negligent misrepresentation) incorporated herein by reference.

Failure to warn – negligence – See, e.g., ¶¶ 604-640 of the Master Complaint (negligent failure to warn) incorporated herein by reference.

Breach of implied warranty – See, e.g., ¶¶ 699-720 of the Master Complaint (breach of implied warranty) incorporated herein by reference.

Failure to warn – strict liability – See, e.g., ¶¶ 641-674 of the Master Complaint (strict liability failure to warn) incorporated herein by reference.

Fraudulent concealment – See, e.g., ¶¶ 721-779 of the Master Complaint (fraudulent concealment) incorporated herein by reference.

Fraudulent misrepresentation – See, e.g., ¶¶ 780-800 of the Master Complaint (fraudulent misrepresentation) incorporated herein by reference.

Strict product liability misrepresentation – See, e.g., ¶¶ 825-848 of the Master Complaint (strict product liability) incorporated herein by reference.

Innocent misrepresentation – See, e.g., ¶¶ 849 of the Master Complaint (innocent misrepresentation) incorporated herein by reference.

Wrongful Death – See, e.g., ¶¶ 912-918 of the Master Complaint (wrongful death) incorporated herein by reference.

Survival Action – See, e.g., ¶¶ 923-926 of the Master Complaint (survival action) incorporated herein by reference.

Furthermore, Defendants failed to exercise ordinary care and knew or should have known that their GLP-1 RA Products were unreasonably dangerous. Defendants knew or should have known that their GLP-1 RA Products had not been sufficiently or adequately tested for safety. Labels for Defendant's GLP-1 RA Products were inadequate because they did not warn or adequately warn that their GLP-1 RA Products had not been sufficiently or adequately tested for safety risks.  Decedent's prescribing physician had no way to determine the truth behind the inadequacies of Defendant's warnings. Had Decedent been warned of the increased risks of gastroparesis and pulmonary embolism then Decedent would not have used Defendants' product, Ozempic, and suffered from gastroparesis and pulmonary embolism.   As a direct and proximate result of one or more of Defendant's acts, Decedent suffered from gastroparesis and pulmonary embolism_____.

*Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22.  If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)?  __N/A____.  If so, attach such notice.

## **RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## **JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date:   __June 26, 2026__                    RESPECTFULLY SUBMITTED,

                        /s/  Anthony G. Simon__        _____
                        Anthony G. Simon, MO Bar # 38745
                        **THE SIMON LAW FIRM, P.C.**
                        1001 Highlands Plaza Drive, Suite 300
                        St. Louis, Missouri 63110
                        Phone: (314) 241-2929
                        Fax: (314) 241-2029
                        Email: Asimon@simonlawpc.com

                        *Attorneys for Plaintiff*

11